## IN THE MATTER OF FRANKLIN M. KETCHUM and others, Bankrupts.

*(District Court, S. D. New York.   January 12, 1880.*

BANKRUPTCY—PETITION FOR DISCHARGE—NEW NOTICE TO CREDITORS. While a case is still before a register it is competent for the bankrupt court to order that the register adjourn proceedings, on petition for a discharge, to another day, and that a new notice be issued to creditors to appear and show cause, where a bankrupt firm has been held liable for a doubtful but duly scheduled claim, in order that other creditors, in the like position, though not named in the schedule, may have an opportunity to be heard.

*O. E. Bright*, for motion.

*C. W. Betts*, for F. M. Ketchum.

*C. W. Bangs*, for Morris Ketchum.

CHOATE, J.   This is an application of one Elizabeth Wyckoff, an alleged creditor of the firm, who has filed a proof of debt since the adjourned return day of the order to show cause, upon the petition of the bankrupt Ketchum for his discharge, to be allowed to file it *nunc pro tunc* as of the

adjourned return day, in order that her debt may be reckoned among the debts on the question of the bankrupt's discharge. The excuse given for failure to prove the debt earlier is that she was advised that her claim was against the bankrupt Belknap alone. But after she received this advice she learned that Morris Ketchum, father of the bankrupt Ketchum, made proof of a large debt, upwards of $26,000, which he has been allowed by stipulation of the parties to prove *nunc pro tunc*. She now has ascertained that her claim is of the same nature as that of Morris Ketchum, and if his is provable against the firm, she is advised that hers is also. The case is still before the register, no report having been made to the court. This claim of Morris Ketchum was set forth in the schedules. The petitioner's claim was not so set forth. It is very large in amount, exceeding $100,000, and is for money fraudulently transferred by Belknap, her agent, to the firm's bank account. Morris Ketchum's debt has been contested by other creditors, including Mrs. Wyckoff, on the ground that it is the debt of Belknap alone and not the debt of the firm, but it has been held to be a valid debt of the firm, and therefore it is entitled to be computed in determining whether the requisite number and proportion of creditors assent to the discharge. The question whether these debts were of a nature to be provable against the firm was certainly a doubtful one, the doubt relating both to the facts and the law of the case. The circumstance that Morris Ketchum's debt was included in the schedule and Mrs. Wyckoff's was not, was calculated to give him an advantage over her as a creditor, whether so intended or not. The question of the discharge is of great importance to the creditors, because there are but small assets, and under all the circumstances, I think it is just and right that the petitioner, as well as Morris Ketchum, should participate as a creditor, if her debt shall finally be established, in the determination of the question whether the requisite assent shall be given. Her consent that his proof be filed *nunc pro tunc* was asked and given, and thereby he is enabled to participate in the decision of this question. As the case stands her debt will not be counted.

*In re Borst,* 11 N. B. R. 96; *In re Read,* 19 N. B. R. 232. But as the case is still before the register it is competent for the court, if justice requires it, and if by mistake, accident or otherwise, under the notices given to creditors of the hearing on the application for a discharge, creditors have failed to appear, to direct a new notice to be given, so that a just and fair vote of the creditors may be had. The case is under the control of the court, and creditors who show sufficient cause for their not-appearing may be relieved. In this case it is proper that, after the determination of the much disputed question of the firm's liability litigated upon the re-examination of Morris Ketchum's proof of debt, a new notice should issue, that other creditors in the like position, but not named in the schedule, may have an opportunity to be heard.

Ordered, that the register adjourn the proceedings on petition for a discharge to another day, and that a new notice be issued to creditors to appear and show cause.